IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| DAN S. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:05-0069 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. Pending before the Court are Plaintiff's letter-form Motion for Judgment on the Pleadings (with medical records attached) and Defendant's Motion for Judgment on the Pleadings. Plaintiff proceeds *pro se*; it appears that he had a paralegal representative at the administrative hearing.

The Plaintiff, (hereinafter referred to as "Claimant"), filed an application for DIB on February 28, 2003, alleging disability as of January 1, 1994, due to back and lung problems, diabetes, hypertension, wrist pain, gout, obesity, right elbow pain, carpal tunnel in the right wrist, high cholesterol, hyperlipidemia, right foot pain, and arthritis. (Tr. at 16, 41, 50-52, 62.) The claim was denied initially and upon reconsideration. (Tr. at 35-36, 41-42.) On December 15, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 43.) A hearing was held on April 13, 2004, before the Honorable John T. Yeary. (Tr. at 208-248.) By decision

dated May 28, 2004, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-22.) The ALJ's decision became the final decision of the Commissioner on December 3, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 3-8.) On January 25, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2002). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69

(4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 16.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairment of a back disorder. (Tr. at 16.) At the third inquiry, the ALJ concluded that Claimant's impairment did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17.) The ALJ then found that Claimant had a residual functional capacity for work at the medium level of exertion. (Tr. at 19.) As a result, Claimant could not return to his past relevant work. (Tr. at 19.) The ALJ found that Claimant was not disabled, pursuant to Medical-Vocational Rule 203.26 of the Medical-Vocational Guidelines ("the grids") for the period from January 1, 1994, through November 10, 1996, and by Medical-Vocational Rule 203.19 from November 11, 1996, through December 31, 1998, the date Claimant's insured status expired under the Act. (Tr. at 20.) The ALJ concluded that there were jobs existing in significant numbers in the regional and national economies which Claimant could perform. (Tr. at 20.) On this basis, benefits were denied. (Tr. at 21-22.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner in this case is supported by substantial evidence.

Claimant's Background

Claimant was born on November 12, 1946, and was 47 to 52 years old during the period from his alleged onset date of January 1, 1994, through his date last insured of December 1, 1998. (Tr. at 20, 50.) Claimant has a sixth grade education and is illiterate. (Tr. at 15-16, 20, 217-18.) In the past, he worked as a roofer. (Tr. at 16, 20, 63, 247.)

Claimant's Challenges to the Commissioner's Decision

Claimant filed a letter with the Court on August 29, 2005, along with copies of medical records and portions of the administrative hearing transcript that are contained in the transcript

(Doc. No. 10.), which together the Court construes as Plaintiff's Motion for Judgment on the Pleadings. The Defendant then filed a Motion for Judgment on the Pleadings on September 22, 2005. (Doc. No. 11.) In his letter-form Motion, Claimant makes no specific arguments as to why the ALJ's decision is not supported by substantial evidence. The letter, handwritten and signed by the Claimant, simply states that he is unable to work and requests an award of benefits. (Doc. No. 10.) Claimant does note, however, that the medical records and the Vocational Expert's ("VE") testimony demonstrated that he was disabled. (Doc. No. 10.) In addition, Claimant did not make any specific challenges to the Commissioner's decision when he filed the Complaint in the instant case. In his Request for Review of Hearing Decision/Order, Claimant alleged that his paralegal representative failed to present all of his medical records at the hearing. (Tr. at 11.) He stated that his Virginia medical records "had more specific information on [his] condition." (Tr. at 11.) As Claimant has not raised any specific arguments at this level of review, the Court has additionally reviewed the entire record to see if it comports with the substantial evidence standard.

1. <u>Consideration of Medical Evidence of Record</u>.

Claimant first argues that the medical evidence of record demonstrates that he is disabled. (Doc. No. 10.) Claimant does not elaborate on this argument, other than to note his alleged disabilities. The Court notes that the ALJ reviewed and summarized the medical evidence of record, including Claimant's treatment records from the Rainelle Medical Center and the opinions of Crystal McKinney, Certified Nurse Practitioner and the State agency opinion. (Tr. at 16-19.)

The ALJ considered all evidence of record, including the medical evidence and evidence regarding Claimant's daily activities and limitations. The ALJ noted that although Claimant suffered from hypertension and non-insulin dependent diabetes mellitus, treatment notes indicated

that he responded to medication and that his high blood pressure and diabetes were under control. (Tr. at 16, 104, 107.) Although Claimant complained of occasional dizziness and lightheadedness, he did not complain of headaches or vertigo. (Tr. at 99-128.) With respect to Claimant's alleged breathing/lung problems, the ALJ found that the treatment records revealed that Claimant's lungs were clear to auscultation and indicated that Claimant failed to complain of shortness of breath and chest pain or pressure on examination. (Tr. at 16, 99-128.) Furthermore, Claimant reported that he walked several miles for exercise on a regular basis. (Tr. at 16, 19, 102, 104, 111, 120, 125-26, 128.) The ALJ further found that although Claimant complained of right elbow pain after doing a lot of hammering the week before, examination showed only tenderness to palpation and that Claimant denied any weakness or parathesias. (Tr. at 17, 124-25.) The ALJ further found that Claimant's high cholesterol and hyperlipidemia were non-severe impairments, and the Court finds no medical evidence that Claimant suffered any limitations from these conditions. (Tr. at 17.) Claimant further alleged that he was disabled due to right carpal tunnel, which was diagnosed in 1985. As the ALJ found, however, there was no evidence of neurological dysfunction in the right hand or fingers. (Tr. at 17, 124-25.) Regarding Claimant's alleged right foot pain and gouty arthritis, medical records indicated that he developed such conditions in March 1999 and April 2004, which is outside the time period relevant to this matter. (Tr. at 17, 99, 175.) Although medical records submitted to the Appeals Council indicated that he injured his right foot in 1994 when he kicked a basketball, as the Commissioner notes, medical records indicated that he was treated for only a mild strain. (Tr. at 181-82, 184.)

The ALJ found Claimant's statements not entirely credible, and Claimant has not challenged this finding. The ALJ noted that Claimant testified that he could sit about 30 minutes, stand 30 to

40 minutes, and lift about 30 pounds. (Tr. at 18, 229-30.) However, he also testified that he regularly exercised and walked four to five miles a day, which testimony was supported by treatment notes. (Tr. at 18, 102, 104, 111, 120, 126, 128.) Treatment records further indicated that he performed "a lot" of "hammering" in November 1997, and was repairing a chimney in December 1997. (Tr. at 18, 121-22, 125.) Furthermore, in his report of Activities of Daily Living, dated March 24, 2003, Claimant reported that he performed housework, walked every day, went shopping, and prepared simple meals. (Tr. at 81-84.) Based on Claimant's reported activities, the ALJ rejected Claimant's alleged limitations. (Tr. at 18.) The ALJ further rejected the opinions of Crystal McKinney and the State Agency, which decisions Claimant does not challenge. (Tr. at 19.)

After considering all of the evidence, the ALJ concluded that Claimant could perform medium work which does not involve lifting more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds. (Tr. at 20.) The ALJ deemed this finding consistent with the medical evidence establishing a back impairment and Claimant's testimony. (Tr. at 20.) The ALJ then considered Claimant's age, education, vocationally relevant past work experience, and RFC, and applied the Medical Vocational Rules 203.26 and 203.19 of the grids and determined that Claimant was not disabled. (Tr. at 20.) Accordingly, the Court finds that the ALJ properly considered the evidence of record, including the medical evidence and Claimant's testimony and statements about his activities and his limitations, in making his decision. The Court finds that the ALJ's decision is supported by substantial evidence.

Additionally, the evidence submitted for the first time to the Appeals Council does not demonstrate that Claimant was disabled, as suggested by Claimant. (Doc. No. 10.) In deciding whether to grant review, the Appeals Council "must consider evidence submitted with the request

for review . . . 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins v. Secretary, 953 F.2d 93, 95-96 (4th Cir. 1991)(*en banc*)(citations omitted). Evidence is "new" if it is not duplicative or cumulative. See id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Considering evidence which Claimant submitted to the Appeals Council and the Appeals Council included in the record, the Fourth Circuit concluded in Wilkins, 953 F.2d at 96, that Courts reviewing decisions of the Social Security Administration must consider "the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Thus, reviewing Courts must consider new evidence which the claimant submits while the decision of the Appeals Council is pending even when the Appeals Council denies the claimant's request for review. See also Adkins v. Barnhart, 2003 WL 21105103, * 5 (S.D. W.Va. May 5, 2003)(Stanley, M.J.). In deciding whether to remand the case to the Commissioner on the basis of additional evidence, the Court, in reviewing the ALJ's decision, "in the light of evidence which the ALJ never considered, and thus never evaluated or explained" must "determine whether this additional evidence creates a 'conflict,' is 'contradictory,' or 'calls into doubt, any decision grounded in the proper medical reports.'" Id. (*citing* Camper v. Barnhart, __ F.Supp.2d __, 2005 WL 1995446, *5 (W.D. Va. Aug. 16, 2005)).

In the instant case, the additional evidence was considered by the Appeals Council and made a part of the record. (Tr. at 8.) The Regulations governing the circumstances under which the Appeals Council is to review an ALJ decision shows that additional evidence will not be considered *unless* the evidence is new and material and relates to the period on or before the date of the ALJ decision. See 20 C.F.R. § 404.970(b) (2004), Hawker v. Barnhart, 235 F.Supp.2d 445, 445-46 (D.

Md. 2002). The additional evidence consists of medical records primarily relating to Claimant's condition prior to his alleged January 1, 1994, onset date and are not relevant to the time between his alleged onset date, January 1, 1994, and when his insured status expired, December 31, 1998. (Tr. at 183, 185-206.) See 42 U.S.C. § 423(a), (c); 20 C.F.R. § 404.101 (2004). The remaining additional evidence concerns Claimant's condition during the relevant period of time but does not contradict or call into doubt the ALJ's decision. (Tr. at 177-82, 184.) Rather, this evidence supports the evidence that was considered by the ALJ. Accordingly, remand to consider the additional evidence is not warranted because the additional evidence is neither new or material, nor conflicts, contradicts, or calls into doubt the ALJ's decision.[1]

2. Rejection of VE's Testimony.

Claimant next argues that the ALJ erred in rejecting the VE's response to a hypothetical question. (Doc. No. 10.) At the administrative hearing, the ALJ ask the VE to assume a hypothetical individual of Claimant's age, education, and past work experience who could perform medium level exertional work; was illiterate; experienced moderate to severe pain; and could not be attentive to and carry out assigned work tasks. (Tr. at 20, 247.) The VE was unable to identify any jobs for which such hypothetical person could perform. (Tr. at 20, 247.) In his decision, the ALJ rejected the hypothetical because the evidence of record, consisting of Claimant's walking program and activities and medical records, did not support the supposed severe limitations. (Tr. at 20.) As discussed, Claimant's alleged limitations were more severe than the evidence of record demonstrated. Accordingly, the ALJ appropriately rejected the hypothetical as not suggestive of

---

[1] Additionally, Claimant has not shown good cause for the failure to submit some of this evidence when the Claim was before the Commissioner. Given that Claimant is proceeding *pro se*, the Court cautiously makes this finding.

Claimant's limitations.

A review of the record reveals that the decision of the Commissioner is supported by substantial evidence. The ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 16-20.) The ALJ engaged in a proper and comprehensive pain analysis in accordance with the applicable law and Regulations. (Tr. at 17-18.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of his pain and other symptoms, and that Claimant was limited to medium work and could perform a significant number of jobs in the national economy despite his severe back impairment. Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence.

Accordingly, by Judgment Order entered this day, Claimant's letter-form Motion for Judgment on the Pleadings is **DENIED**; Defendant's Motion for Judgment on the Pleadings is **GRANTED**; the final decision of the Commissioner is **AFFIRMED**; and this matter is **DISMISSED** from the Court's docket.

The Clerk of the Court is directed to file this Memorandum Opinion and mail copies of the same to counsel of record and to Plaintiff who is acting *pro se*.

ENTER: March 30, 2006.

R. Clarke VanDervort
United States Magistrate Judge